## W. B. HOWE v. FRED. LINCOLN.

CONTRACT; *Wages; Quantum Meruit; Error.* Plaintiff hired to defendant, a candy manufacturer, from July to January, at $1.50 per day. After working three months he quit without notice, and without any fault on the part of defendant. The question being whether his services, after October, and when the candy business was active, would have been worth more than $1.50 per day, the stipulated price for the entire time, four witnesses, two of whom were called by plaintiff, testified that they would

have been worth more, their estimate ranging from two to four dollars per day; one witness, who gave no figures, said that such services would be worth twice as much after October as before. The plaintiff himself was silent, and there was no other testimony. The jury, in answer to special questions, found that his services actually rendered were worth $1.50 per day, and that during the three months in which he failed to work, they would have been worth the same. *Held*, That the findings were contrary to the evidence, and that they, and the general verdict, must be set aside, and a new trial granted.

*Error from Atchison District Court.*

ACTION by *Lincoln*, against *Howe*, for wages. At the March Term, 1879, of the district court, plaintiff recovered a judgment against the defendant, who brings the case to this court.

*Hudson & Tufts*, for plaintiff in error.

*Gilbert & Ocker*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Action for wages. Defense, breach of contract in leaving defendant's employ before expiration of time of service. Verdict and judgment for plaintiff, and defendant brings error. The case was tried by a jury. No complaint is made of the instructions, and the sole errror alleged is that the verdict, and some of the answers to the special questions, are not supported by the evidence.

The defendant was a candy manufacturer, and employed plaintiff to work for him from July 8th, 1878, to January 1st, 1879, at $1.50 per day. The plaintiff worked till October 9th, and then left without notice, and without any fault on the part of the defendant. These facts the jury find; they then find that his services from July to October were worth $1.50 per day, and that it would have cost defendant only $1.50 per day to supply his place, or procure services of equal value, from October to January. Hence they find that the defendant suffered no damage by plaintiff's breach of contract, and award to plaintiff the balance due him for services rendered, at

$1.50 per day.   The claim of the defendant is, that the services of plaintiff during the time he worked were not worth the stipulated price, but would have been worth much more during the time he failed to work, and this on the ground that the candy business is dull in the warm, and active in the cold months, especially during the Christmas holidays; that prices of such labor ruled higher during the latter, than the former time; and that defendant agreed to give the price for the first three, for the sake of securing the services during the last three months.   Upon these matters the plaintiff testified that his services from July to October were worth $1.50 per day, but said nothing about the value of such services from October to January.   The defendant testified that plaintiff's services to October were worth not to exceed $1 per day, and that it would cost $2.50 per day to fill his place from October to January.   He also testified as heretofore stated, as to the reasons for this difference, and his need of the services.   Another witness testified that the plaintiff's services to October were not worth over $1 per day, and that his services thereafter would have been worth $2, or $2.50 per day.   Still another witness called by defendant, while fixing no specific amount, said that such services after October would be worth about double their value before.   The plaintiff called a witness who stated that plaintiff's services to October were worth $2 per day, and thereafter they would have been worth twice as much; also another witness, who testified that his services up to October would have been worth three or four dollars per day, and after that considerably more; and this was all the testimony.   Now in this we see nothing upon which the finding that plaintiff's services would have been worth only $1.50 per day, after October, can rest.   The plaintiff is silent; and every other witness that gives figures (four in number — two of them his own) places a higher value thereon.   All the witnesses who speak on the subject agree that such services were worth much more after, than before October.   Now if any single witness had placed such value as low as $1.50, or if from any comparison of tes-

timony, or in other manner, we could find support for the verdict, we should not disturb it. And where the amount in controversy is so small, a very little matter would justify us in upholding the verdict. But the testimony tells only one story, and that is against the finding and verdict, and reluctantly we feel constrained to set them aside, and order a new trial.

All the Justices concurring.